

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 15, 1974

The Honorable Ralph W. Kinsey
County Attorney
Dawson County
P. O. Box 459
Lamesa, Texas  79331

Opinion No. H- 347

Re: Can a habitual truant
be committed to a State
Juvenile Training School
under the provisions of
Article 4.25 of the Educa-
tion Code?

Dear Mr. Kinsey:

You have pointed out a conflict between Section 4.25(b), Texas
Education Code, V. T. C. S., and Section 54.04(g) of the new Texas
Family Code, which concern proceedings against children who have
violated the compulsory school attendance laws of this state [Sections
21.031 through 21.040, Texas Education Code, V. T. C. S.].

Your letter states:

> It appears that under Article 4.25 of the Education
> Code Section B a child can be committed to the state
> juvenile training school for certain truancy cases and
> it appears that in the cited provision of 51.03, Subsection
> B that he can not.  We are wondering if a child who has
> violated Section B, Article 4.25 . . . can still be sent
> to the juvenile training school or did the juvenile code
> repeal that section of the Education Code?

Section 4.25(b), Education Code, provides that:

> If any parent . . . can prove that he is unable
> to compel his child to attend school . . . his child
> may be proceeded against as a habitual truant and
> committed to a state juvenile training school or
> any other suitable school agreed upon between his
> parent . . . and the judge of the juvenile court.

Prior to the adoption of Title 3 of the Texas Family Code by Acts 1973, 63rd Leg., ch. 544, p. 1460, Section 4.25, supra, was complemented by Article 2338-1, V.T.C.S., which established juvenile courts, and determined their jurisdiction and powers. Article 2338-1, Section 3(e) defined "delinquent child" to include any child who "habitually violates a compulsory school attendance law of this state . . . "

Section 13 (c) of Article 2338-1 then provided:

> If the judge or jury finds that the child is
> delinquent, or otherwise within the provisions
> of this Act, the court may by order duly entered
> proceed as follows:
>
> (1) place the child on probation . . .
>
> (2) commit the child to a suitable public institution
> or agency or to a suitable private institution or
> agency authorized to care for children . . .

With the enactment of Title 3 of the Texas Family Code, effective Sept. 1, 1973, Article 2338-1 was repealed in its entirety, and Sections 51.01 through 56.02 of the Family Code have replaced it. Acts 1973, 63rd Leg., ch. 544, p. 1485, Section 3.

Title 3 of the Family Code did not expressly repeal Secion 4.25 of the Education Code. However, major changes in the juvenile court's power over truant children under the new Family Code make it doubtful

that the provision of Section 4.25 of the Education Code which authorizes the commitment of a habitual truant to a state juvenile training school is still viable.

Under Title 3 the violation of the compulsory school attendance law is not "delinquent" conduct, as it formerly was under Article 2338-1, V.T.C.S., but now constitutes "conduct indicating a need for supervision." See Section 51.03 (b)(2), Texas Family Code, V.T.C.S.

The distinction is important because the new Family Code, in Section 54.04, permits the juvenile court to commit a child to the Texas Youth Council for delinquent conduct, but expressly denies the court the power to commit a child to the Texas Youth Council for violations of the compulsory school attendance law.

> Section 54.04 (g):
>
> In no event may the court commit a child to the Texas Youth Council because the child engaged in conduct defined in Subdivision (2) [violation of the attendance law], (3), or (4) of Section 51.03 (b) of this code.

The Texas Youth Council manages and directs State training school facilities for delinquent children, Article 5143d, Section 6 (d), V.T.C.S.

Insofar as Section 4.25 of the Education Code authorizes a juvenile court to commit a child to the Texas Youth Council for truancy, it conflicts irreconcilably with, and is to that extent impliedly repealed by, the express prohibitions of the later enacted comprehensive revision of juvenile proceedings under Title 3 of the Family Code. The prohibition against commitment of such a child to the Texas Youth Council is expressed again in Sections 51.03 (a)(2), 54.05(g).

Repeals by implication are not favored by our courts. St. Louis

S. W. Railway Co. v. Kay, 22 S. W. 665 (Tex. 1893); Jefferson County v. Board of County and District Road Indebtedness, 182 S. W. 2d 908 (Tex. 1944). However, the pronounced antagonism between the provision of Section 4.25, contemplating commitment to a state juvenile training school and Section 54.03(q) of the Family Code, is enough under even the stringent tests applied by these cases to justify a conclusion of partial repeal to the extent of the conflict.

You have inquired only concerning commitment to a state juvenile training school, but Section 4.25 of the Education Code alternatively contemplates commitment to "any other suitable school . . . " Section 54.04(d) of the Family Code permits a juvenile c ourt to place a child on probation "in a suitable public or private institution or agency, except the Texas Youth Council" for a period not to exceed one year after a finding that a violation of the compulsory school law has occurred, and after a finding by the court that the child is in need of rehabilitation or protection. We think these portions of the two laws are compatible.

SUMMARY

Section 54.04(g) of the new Texas Family Code prevents a juvenile court from committing a child to the jurisdiction of the Texas Youth Council for violations of the compulsory school attendance law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK,  First Assistant

DAVID M KENDALL,  Chairman
Opinion Committee